IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK MITCHELL, Petitioner | ) | Civil Action No. 06-cv-04746 |
| vs. | ) | |
| JEFFREY BEARD, SECRETARY; THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, Respondents | ) | |

O R D E R

NOW, this 24th day of March, 2010, upon consideration of the following documents:

(1) Petition for Writ of Habeas Corpus by a Person in State Custody filed October 12, 2006[1];

(2) Memorandum of Law in Support of § 2254 Habeas Corpus Petition, which brief was filed November 7, 2006;

(3) Respondents' Answer to Petition for Habeas Relief, which response was filed February 21, 2007;

(4) Respondents' Supplemental Answer to Petition for Habeas Relief, which response was filed September 17, 2007;

(5) Petitioner's Response to the Respondents' Supplemental Answer, which reply was filed October 5, 2007;

---

[1] Pursuant to the prison mailbox rule, a pro se prisoner's habeas petition is deemed filed when he delivers it to prison officials for filing with the court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The within habeas petition was docketed on October 24, 2006. However, petitioner dated his petition October 12, 2006, and Magistrate Judge Perkin's Report and Recommendation ("R&R") deemed the within petition filed October 12, 2006 pursuant to the prison mailbox rule. See R&R at 11.

For purposes of this Order, I will assume that petitioner delivered his petition to prison officials for filing on the day he signed it, October 12, 2006, and deem the within petition filed as of that date. See, e.g., Spencer v. Beard, 2009 U.S.App. LEXIS 24639, *4 (3d Cir. November 10, 2009); Hatcher v. DiGuglielmo, 2009 U.S.Dist. LEXIS 100651, *3-4 n.2 (E.D.Pa. October 26, 2009) (Jones, J.); United States v. Marrero, 2006 U.S.Dist. LEXIS 60387, *12 n.4 (E.D.Pa. August 18, 2006) (Pratter, J.). In any event, my analysis and conclusions below are unchanged whether the filing date is October 12, 2006, October 24, 2006, or some date in between.

(6) Report and Recommendation of United States Magistrate Judge Henry S. Perkin filed June 30, 2008 ("R&R");

(7) Respondents' Objection to Recommendation That Certificate of Appealability Be Granted, which objection was filed July 9, 2008 ("Respondents' Objection");

(8) Petitioner's Written Objections to the Report and Recommendation of the Magistrate, which objections were filed July 17, 2008 ("Petitioner's Objections"); and

(9) Respondents' Brief Answer to Petitioner's Objections to Report and Recommendation, which response was filed November 20, 2009,

IT IS ORDERED that the R&R is approved and adopted in part and rejected in part.[2]

IT IS FURTHER ORDERED that Petitioner's Objections to the R&R are overruled.[3]

---

[2] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Hyer v. Astrue, 121 Soc.Sec.Rep.Service 136 (E.D.Pa. 2007) (Diamond, J.). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c); Purnell v. Astrue, 662 F.Supp.2d 402, 408 (E.D.Pa. 2009) (Kelly, S.J.). The court may accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations. 28 U.S.C. § 636(b)(1)(c); Purnell, 662 F.Supp.2d at 408.

[3] Although styled as numerous objections, petitioner raises, in substance, two objections to the R&R. Petitioner contends that Magistrate Judge Perkin erroneously determined that: (1) petitioner's filing deadline was April 24, 1997 rather than October 25, 2006; and (2) petitioner is not entitled to equitable tolling from October 25, 2005 to October 12, 2006. For the reasons that follow, I overrule both of Petitioner's Objections.

Petitioner first objects to Magistrate Judge Perkin's determination that petitioner's deadline to file his petition for writ of habeas corpus was April 24, 1997, one year following the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See R&R at 9. Petitioner contends that, pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations period did not commence until October 25, 2005, the date that the prison law library obtained a copy of the opinion of my colleague, United States District Judge Anita Brody in Baker v. Horn, 383 F.Supp.2d 780 (E.D.Pa. 2005). See Petitioner's Objections at 2-5.

The AEDPA's one-year statute of limitations period starts to run from the latest of the date on which: (A) the state court judgment became final; (B) the impediment, created by state action in violation of the United States Constitution or laws, which prevented filing is removed; (C) the constitutional right asserted was initially recognized by the Supreme Court, if the right is

(Footnote 3 continued):

(Continuation of footnote 3):

made retroactively applicable to cases on collateral review; or (D) the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1); McAleese v. Brennan, 483 F.3d 206, 212 (3d Cir. 2007). In addition, if direct review of the underlying criminal conviction ended before the AEDPA's April 24, 1996 effective date, the petitioner has a one-year grace period to file a habeas corpus petition. McAleese, 483 F.3d at 212; Burns, 134 F.3d at 111.

In Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), the United States Supreme Court held that the vacatur of a prior state court conviction used to enhance a federal sentence is a fact supporting the claim which may trigger the one-year statute of limitations period under 28 U.S.C. § 2255. "[A]n order vacating a predicate conviction is spoken of as a fact" and "is subject to proof or disproof like any other factual issue." Id. at 306-307, 125 S.Ct. at 1579-1580, 161 L.Ed.2d at 554. The United States Court of Appeals for the Third Circuit does not "distinguish between 'facts supporting the claim' in section 2255 and 'factual predicate' in section 2244." McAleese, 483 F.3d at 216 n.13. Accordingly, Johnson applies with equal force to 2254 petitions. Id.; see Burns, 134 F.3d at 111-112.

Judge Brody's decision in Baker v. Horn is a legal ruling, not a fact, and therefore cannot serve as a factual predicate for purposes of 28 U.S.C. § 2244(d)(1)(D). See Lo v. Endicott, 506 F.3d 572, 575 (7th Cir. 2007); E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006); Shannon v. Newland, 410 F.3d 1083, 1088-1089 (9th Cir. 2005); Brackett v. United States, 270 F.3d 60, 68-69 (1st Cir. 2001); Ybanez v. Johnson, 204 F.3d 645, 646-647 (5th Cir. 2000). "[C]ourts have declined to interpret Johnson as holding that any decision of any court acts as a factual predicate for purposes of extending the limitations period for habeas review." Lo, 506 F.3d at 575. A legal decision, "unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." E.J.R.E., 453 F.3d at 1098.

Moreover, treating legal decisions as factual predicates would eviscerate 28 U.S.C. § 2244(d)(1)(C), which triggers the statute of limitations period only for Supreme Court decisions recognizing new constitutional rights and making them retroactively applicable to cases on collateral review. By so limiting subsection (C), Congress "rejected the notion that the creation of a new right by the Supreme Court that is not made retroactive to cases on collateral review, other rulings of law by the Supreme Court, and decisions taken from the courts of appeal in all instances, could trigger" this one-year period. E.J.R.E., 453 F.3d at 1098.

This principle applies with even greater force to trial court decisions such as the one upon which petitioner relies. "[A]dopting [petitioner's] argument would render the limitations in § 2244(d)(1)(C) meaningless.... To suggest...that any decision by any court on any issue could constitute a 'factual predicate' would swallow up the specifically delineated limitations in § 2244(d)(1)(C)." Lo, 506 F.3d at 575-576.

For the foregoing reasons, I conclude that Magistrate Judge Perkin correctly determined that petitioner had one year following the April 24, 1996 enactment of the AEDPA to file his habeas petition. See R&R at 9. Accordingly, petitioner's first objection is overruled.

Petitioner also objects to Magistrate Judge Perkin's determination that petitioner is not entitled to equitable tolling from October 25, 2005 to

(Footnote 3 continued):

(Continuation of footnote 3):

October 12, 2006. I agree with Magistrate Judge Perkin that because petitioner was not reasonably diligent in bringing his claims, this period is not equitably tolled. Therefor, I overrule his second objection.

Although the AEDPA's statute of limitations is subject to equitable tolling, courts should be "sparing" in their use of equitable tolling. LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005). Equitable tolling is reserved for "exceptional circumstances." Garrick v. DiGuglielmo, 162 Fed.Appx. 122, 124 (3d Cir. 2005). To be entitled to equitable tolling, a petitioner must show that he exercised reasonable diligence in investigating and bringing his claims--mere excusable neglect is not sufficient. E.g., Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003); Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998).

The Third Circuit has yet to decide whether actual innocence equitably tolls the AEDPA's statute of limitations. E.g., Teagle v. DiGuglielmo, 336 Fed.Appx. 209, 212 (3d Cir. 2009); McKeever v. Warden SCI-Graterford, 486 F.3d 81, 84 n.5 (3d Cir. 2007). Assuming arguendo that equitable tolling can be based on actual innocence, petitioner must still demonstrate reasonable diligence in investigating and bringing his claims. See Horning v. Lavan, 197 Fed.Appx. 90, 93-94 (3d Cir. 2006); Ragan v. Horn, 598 F.Supp.2d 677, 685-686 (E.D.Pa. 2009) (Brody, J.).

"[E]ven in situations in which equitable tolling initially applies, a party must file suit within a reasonable period of time after realizing that such a suit has become necessary." Walker v. Frank, 56 Fed.Appx. 577, 582 (3d Cir. 2003). "A grant of equitable tolling, unlike statutory tolling, does not shift the deadline so that each day of tolling results in a one day postponement of the deadline." Ragan, 598 F.Supp.2d at 680 (citing Phillips v. Heine, 984 F.2d 489, 492 (D.C. Cir. 1993)). Once the extraordinary circumstances justifying equitable tolling have ended, the petitioner must file as soon as reasonably possible. Id.

Petitioner cites Easterwood v. Champion, 213 F.3d 1321 (10th Cir. 2000) for the proposition that equitable tolling entitles him to an additional year in which to file his habeas petition. Petitioner's Objections at 9. Easterwood, however, concerns when the AEDPA's one-year statute of limitations is triggered under 28 U.S.C. § 2244(d)(1)(D), not equitable tolling.

The United States Court of Appeals for the Third Circuit has suggested that one month is a sufficient period of time for a petitioner to file a pro se habeas petition. Brown, 322 F.3d at 774. The Third Circuit has held that eleven months is an unreasonable time to wait to file a habeas corpus petition, Walker, 56 Fed.Appx. at 582 n.5, and this court has recently held a delay of approximately one hundred days to be unreasonable. Ragan, 598 F.Supp.2d at 685.

Here, petitioner filed his habeas corpus petition on October 12, 2006--nearly one year after his prison law library obtained a copy of Judge Brody's opinion in Baker v. Horn on October 25, 2005. R&R at 11. Petitioner's failure to file his habeas corpus petition until October 12, 2006--nearly one year later--was not reasonable. Petitioner has not shown reasonable diligence or any reason justifying his failure to file within a reasonable time after October 25, 2005.

Therefor, I conclude that Magistrate Judge Perkin correctly determined that petitioner is not entitled to equitable tolling from October 25, 2005 to October 12, 2006. See R&R at 22. Accordingly, petitioner's second objection is overruled.

IT IS FURTHER ORDERED that the within habeas petition is denied as untimely filed without a hearing.

IT IS FURTHER ORDERED that Respondents' Objection to the R&R is sustained.[4]

IT IS FURTHER ORDERED that because this action is time-barred, and no reasonable jurist could find this procedural ruling debatable, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

[4] Respondents object to Magistrate Judge Perkin's recommendation that a Certificate of Appealability be issued. Respondents argue that the R&R correctly determined that reasonable jurists could not disagree that the within habeas petition is time-barred, and that this determination precludes the issuance of a Certificate of Appealability. See Respondents' Objection at 3-5. I agree with respondents' analysis and therefore sustain their objection.

When a district court denies a habeas petition on procedural grounds without reaching petitioner's underlying constitutional claim, a Certificate of Appealability should issue when prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000).

Accordingly, a Certificate of Appealability may be issued only when jurists of reason would find both the procedural ruling and an underlying constitutional claim debatable. See id. at 485, 120 S.Ct. at 1604, 146 L.Ed.2d at 555. Because Magistrate Judge Perkin correctly determined that reasonable jurists could not disagree that the within habeas petition is time-barred, I need not consider whether reasonable jurists would find it debatable that the petition states a valid claim of the denial of a constitutional right. See id.; Walker, 56 Fed.Appx. at 581 n.4. Accordingly, I sustain respondents' objection and deny a certificate of appealability.